IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMMIE FEATHERSTONE,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 11-00488-WS-B |
| **HOME OIL COMPANY,** *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding pro se, filed a Complaint and a Motion to Proceed Without Prepayment of Fees. (Docs. 1, 2). Plaintiff's Motion to Proceed Without Prepayment of Fees has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1).[1]

Because Plaintiff is seeking to proceed in forma pauperis, her Complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[2] Thus, the

---

[1] Local Rule 72.2(c)(1) provides for the automatic referral of a non-dispositive pretrial matter, such as Plaintiff's Motion to Proceed Without Prepayment of Fees, to a Magistrate Judge.

[2] Section 1915(e)(2)(B) provides:
    (2) Notwithstanding any filing fee, or any
        portion thereof, that may have been paid,

(Continued)

court must *sua sponte* determine whether the Complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. Walker v. Sun Trust Bank, 363 Fed. Appx. 11, 15 (11th Cir. 2010)(unpublished)[3]; (citing 28 U.S.C. § 1915(e)(2)(B) and Alba v. Montford, 517 F. 3d 1249, 1251-52, n. 3 (11th Cir.) *cert denied* 129 S. Ct. 632, 172 L. Ed. 2d 619 (2008)). Further, federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Cadet v. Bulger, 377 F. 3d 1173, 1179 (11th Cir. 2004). After carefully screening this action, the undersigned recommends that this action be dismissed for lack of subject matter jurisdiction.

---

>   the court shall dismiss the case at any time
>   if the court determines that --
>       (A)   the allegation of poverty is untrue; or
>   (B)   the action or appeal -
>   (i) is frivolous or malicious;
>           (ii) fails to state a claim on which relief may be granted; or
>           (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] Unpublished opinions, such as this one, constitute persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36-2.

## I. BACKGROUND

Plaintiff commenced this action by filing a Complaint alleging that her claims arise under the laws of the United States. (Doc. 1 at 1). According to Plaintiff, Defendants slandered her when they falsely accused her of falsifying a job application. Upon a preliminary review of Plaintiff's Complaint, the Court entered an Order advising Plaintiff that it was not clear from her Complaint that federal jurisdiction exists in this case, and directing her to file an amended complaint containing a short and plain statement of the grounds upon which the Court's jurisdiction exits. (Doc. 3).

Pursuant to the Court's Order, Plaintiff filed an Amended Complaint. (Doc. 4). Plaintiff's Amended Complaint contains the following jurisdictional statement:

"JURISDICTION: Federal Question: US Constitution First Amendment violations and complaint [] 28 U.S.C. Section 1331 arising under the laws of the US, as set forth in this Complaint for Defamation And Slander, Libel, Conspiracy, and fraud, with in First Amendment violations." (Doc. 4 at 1, ¶¶ 1, 2). Plaintiff also asserts that "[t]he amount in controversy is over $75,000.00 and three or more of the possible defendants are a [r]esident[] in the state of Florida." (Id. ¶ 3).

According to Plaintiff, she was hired on August 9, 2011 to work at Defendant Home Oil Company by Defendant "Annie" and Defendant Gary Amos, vice-president of retail for Defendant Home Oil Company. (Id. at 2, ¶¶ 9-11, 16).[4] At some point before August 15, 2011, Plaintiff was "[u]nlawfully accused of [f]alsifying [j]ob [a]pplication [d]ocument in a public for[u]m and Defendant A[mos] tried to force Plaintiff to sign a written confession. When Plaintiff[] tried to explain and present [her] legal name change document, Defendant A[nnie] was laughing and telephoning the Samson Police for Plaintiff to be arrested." (Id. ¶¶ 17 -18). Plaintiff alleges that she tried to discuss the situation with Defendant Amos, but he told her that the decision was final. Plaintiff also alleges that Defendants' statements that she "[u]nlawfully [f]alsif[ied] a [j]ob [a]pplication" are "emphatically false" and "[l]ibelous on

---

[4] Plaintiff also references other Defendants, "Does 1-100," and sues them as fictitious parties. However, fictitious party practice is not permitted in federal court. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the dismissal of John Doe guard pursuant to the general rule that fictitious party practice is not permitted in federal court). The "limited exception to this rule [is] when the plaintiff's description of the defendant is so specific [that use of a fictitious name is] 'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In the present action, Plaintiff cannot avail herself of this exception because she has not provided details describing any of the John Doe Defendants. Accordingly, Plaintiff's claims against the John Doe Defendants are due to be dismissed.

4

[their] face", that the statements were made to prevent her from being employed, and that she was humiliated and embarrassed by the statements.

For relief, Plaintiff requests that "the determination" be removed from her employment record, and that she be awarded compensatory, punitive, and exemplary damages, interest, the cost of this action, and such other relief that the Court may deem just and proper. (Id. ¶¶ 30-32).

**II. ANALYSIS**

**A. Authority to Dismiss for Lack of Jurisdiction**

In screening Plaintiff's Amended Complaint, the Court's first consideration is to inquire into its jurisdiction, United States v. Denedo, 556 U.S. 904, ___, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009), as its jurisdiction is limited by the Constitution or Congress to hear only certain actions. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest

stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

**B.  Lack of Federal Question Jurisdiction**

In her Amended Complaint, Plaintiff asserts that this Court has jurisdiction over her claims for "Defamation and Slander, Libel, Conspiracy, and fraud" based on 28 U.S.C. § 1331 (Doc. 4 at 1). Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. Smith v. GTE Corp., 236 F. 3d 1292, 1310 (11th Cir. 2001). A claim arises under federal law for purposes of § 1331 when the plaintiff's well pleaded complaint establishes that federal law either creates the cause of action or that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law. Id.; Southpark Square Lmtd. v. City of Jackson, Miss., 565 F.2d 338, 341 (5th Cir.) (a federal claim "must be more than frivolous to support federal

question jurisdiction" and can satisfy this threshold only if "there is any foundation of plausibility to the claim") (quotation omitted), *cert. denied*, 436 U.S. 946 (1978).[5]

"A federal claim will be deemed without any legal merit if the claim 'has no plausible foundation, or [if] the court concludes that a prior Supreme Court decision clearly forecloses the claim.'" Barnett v. Bailey, 956 F.2d 1036, 1041 (11th Cir. 1992) (quoting Olivares v. Martin, 555 F.2d 1192, 1195 (5th Cir. 1977) (brackets in original); *see* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decision of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'")(quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974)); Blue Cross & Blue Shield of Ala. v. Sanders, 138 F. 3d 1347, 1352(11th Cir. 1998)(A claim is "insubstantial" and may be dismissed if it "has no plausible foundation, or if the court concludes that a prior Supreme Court

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981.

decision clearly forecloses the claim")(citation omitted); McGinnis v. Ingram Equip. Co., Inc., 918 F. 2d 1491, 1494 (11th Cir. 1990)(en banc) ("The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction.")

The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim. Sweet Pea Marine, Ltd. V. APJ Marine, Inc., 411 F. 3d 1242, 1247 (11th Cir. 2005). The Court is required to accept a plaintiff's well-pled facts as true and make reasonable inferences in her favor, but the court is not required to accept the plaintiff's legal conclusions or draw her inferences. Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1260 (11th Cir. 2009). In addition, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are to be liberally construed. Miller v. Donald, 541 F. 3d 1091, 1100 (11th Cir. 2008).

Turning to Plaintiff's Amended Complaint, her only reference to a federal law is the First Amendment, which provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; of abridging the freedom of speech or of the press; or

the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I. "[T]he fundamental rule . . . under the First Amendment [is] that a speaker has the autonomy to choose the content of his own message." Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston, Inc., 515 U.S. 557, 558, 115 S.Ct. 2338, 2340, 132 L.Ed.2d 487 (1995). "The hallmark of the protection of free speech is to allow 'free trade in ideas'-even ideas that the overwhelming majority of people might find distasteful or discomforting." Virginia v. Black, 538 U.S. 343, 358, 123 S.Ct. 1536, 1547, 155 L.Ed.2d 535 (2003).

However, this is not a case that arises under the First Amendment because Plaintiff is not alleging that restraints have been placed on her speech. Nor is Plaintiff complaining about governmental action from which the First Amendment offers protection. Ysursa v. Pocatello Ed. Assoc., 555 U.S. 353, ___, 129 S.Ct. 1093, 1098, 172 L.Ed.2d 770 (2009) ("The First Amendment . . . protects the right to be free from government abridgment of speech."). Under 42 U.S.C. § 1983, a plaintiff may sue a person who, while acting under color of state law, deprived him of a constitutional right. 42 U.S.C. § 1983; Collier v. Dickinson, 477 F. 3d 1306, 1308 (11th Cir. 2007). To recover under § 1983 however, the plaintiff must show that the

person who engaged in the allegedly unconstitutional conduct was acting under color of state law. *See* 42 U.S.C. § 1983; Griffin v. City of Opa-Locka, 261 F. 3d 1295, 1303 (11th Cir. 2001)(citation omitted).

Only in rare circumstances may a private party be viewed as a state actor for § 1983§ purposes. Rayburn v. Hogue, 241 F. 3d 1341, 1347 (llth Cir. 2001). To hold that private parties are state actors, the court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Id*.

In the instant case, a review of Plaintiff's Amended Complaint reveals that it does not support a finding of federal question jurisdiction. The Amended Complaint is devoid of any facts suggestive of a Constitutional deprivation or of state action. Moreover, there is absolutely nothing in the Complaint to suggest that Plaintiff's defamation, libel, and slander claims will necessarily depend on resolution of a substantial

question of federal law. Baltin v. Alaron Trading Corp., 128 F. 3d 1466, 1472 (11th Cir. 1997). Thus, federal question jurisdiction does not exist. Christmas v. Jackson Hewitt, Inc., 379 Fed. Appx. 956, 958 (11th Cir. 2010)(affirmed district court's dismissal of the plaintiff's claims under Florida law for malicious prosecution, defamation and breach of contract because there was nothing to indicate that the plaintiff's right to relief on those claims necessarily depended upon the resolution of a substantial question of federal law.)(unpublished)

**C. Lack of Diversity of Citizenship Jurisdiction**

Plaintiff also alleges that the amount in controversy is over $75,000 and that three or more of the possible Defendants are residents of Florida.[6] (Doc. 4 at 1, ¶ 3). The Court views these allegations as an attempt by Plaintiff to assert diversity of citizenship jurisdiction under 28 U.S.C. § 1332 as an additional basis for jurisdiction. Section 1332 provides that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

---

[6] Plaintiff also alleges that both she and Defendant "Annie" are residents of Geneva County, Alabama. (Doc. 4 at 2, ¶ 3, 9).

11

between . . . (1) citizens of different States. . . ." 28 U.S.C. § 1332(a)(1). "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005). That is, diversity jurisdiction exists only when "there is no plaintiff and no defendant who are citizens of the same State." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998) (diversity of citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant). Pleading residency is not the equivalent of pleading domicile. Beavers v. A.O. Smith Elec. Prods. Co., 265 Fed. Appx. 772, 777(11th Cir. 2008)("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); Lucy v. Star Imp., 2010 U.S. Dist LEXIS 115564 (S.D. Ala. Oct. 14, 2010)

In the present action, Plaintiff has not identified the citizenship of any of the parties. Moreover, based on the allegations in Plaintiff's Complaint, it does not appear that she is diverse from all of the Defendants given her assertion that both she and Defendant "Annie" reside in Geneva County,

Alabama.  Thus, this Court lacks diversity of citizenship jurisdiction over this action.

**III. CONCLUSION**

"[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison, 228 F.3d at 1261.  For the foregoing reasons, it is recommended that this action be dismissed because the Court lacks subject matter jurisdiction.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **8th** day of **November, 2011.**

                                           **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

> submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Opposing party's response to the objection.</u>** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **<u>Transcript (applicable where proceedings tape recorded)</u>.** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **8th** day of **November, 2011.**

/s/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**